IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| CHARENE STEPHENS, | CASE NO. | 1:21-cv-122 |
| Plaintiff, | | |
| vs. | **NOTICE OF REMOVAL** | |
| E & D TRANSPORT, INC., et al., | | |
| Defendants. | | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant E & D Transport, Inc.("E & D"), by and through undersigned counsel, hereby gives notice of removal of this action from the Common Pleas Court of Hamilton County, Ohio to the United States District Court for the Southern District of Ohio, Western Division at Cincinnati, and in support thereof, states as follows:

## REMOVAL IS TIMELY

1.      On January 21, 2021, Plaintiff Charene Stephens commenced a civil action against E & D, Freddie Lee Boyd, Logistic One, Ltd. (misidentified as Logistics One, Ltd.) ("Logistic One"), Safe Auto, and the Ohio Department of Medicaid ("Ohio Medicaid") in the Common Pleas Court of Hamilton County, Ohio, under case number A 2100248, which was captioned *Charene Stephens v. E & D Transport, Inc., et al.* (the "State Court Action").[1] A true and accurate copy of the process and pleadings in the State Court Action is attached as **Exhibit A**.

2.      E & D was served with a copy of the summons and complaint on January 29, 2021.

---

[1] Plaintiff filed a First Amended Complaint on February 2, 2021. The First Amended Complaint is also against E & D, Boyd, Logistic One, Safe Auto, and Ohio Medicaid.

3.      Therefore, this notice of removal filed by E & D is timely within 30 days after receipt by E & D of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, as required by 28 U.S.C. § 1446(b)(1).

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

4.      Plaintiff Charene Stephens is a citizen of the State of Ohio. *See* First Amended Complaint.

5.      Defendant E & D is a Michigan corporation with its principal place of business in Michigan. Therefore, it is a citizen of the State of Michigan.

6.      Defendant Freddie Lee Boyd is a citizen of the State of Michigan.

7.      Defendant Logistic One is a Michigan corporation with its principal place of business in Michigan. Therefore, it is a citizen of the State of Michigan.

8.      Defendant Safe Auto is a citizen of the State of Ohio. However, as discussed below, State Auto's citizenship does not destroy diversity because: (1) State Auto should be realigned as a party plaintiff with respect to its potential subrogation interest, and (2) State Auto was "fraudulently joined" with respect to Plaintiff's claim for uninsured and/or underinsured motorist's coverage.

a.      ***Realigned for Count Five***. Count Five of the First Amended Complaint alleges that Safe Auto paid monies to Plaintiff or on Plaintiffs' behalf, presumably pursuant to an insurance policy issued by Safe Auto. Safe Auto is a named in Count Five solely due to its potential subrogation interest. Therefore, Safe Auto is, in reality, and for purposes of removal, a party plaintiff or involuntary plaintiff under Fed. R. Civ. P. 19(A). As such, Safe Auto should be realigned as an intervening plaintiff and not a defendant with respect to Count Five. *See Roman v. Barlow,* No. 2:12-cv-00747, 2012 WL 6594961, at *3 (S.D. Ohio Dec. 18, 2012) ("The Court

concludes that Anthem must be realigned as a plaintiff in this case" since "Anthem has a subrogation interest relating to the medical bills it paid as a result of injuries sustained in the subject collision").

      b.    ***"Fraudulent Joinder" for Count Six.*** Count Six of the First Amended Complaint is for uninsured/underinsured motorist coverage from Plaintiff's insurance policy with Safe Auto. However, Defendants are not uninsured. And Defendants' insurance policy limits exceed Plaintiff's insurance policy limits of $25,000 per person and $50,000 per accident. As such, Plaintiff has no colorable uninsured or underinsured motorist claim against Safe Auto. Safe Auto is therefore "fraudulently joined" with respect to Count Six of Plaintiff's First Amended Complaint. "Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Hous. Com'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009). "Fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999).

      c.    There are no other claims against Safe Auto.

      9.    Defendant Ohio Medicaid is an agency of the State of Ohio. The First Amended Complaint alleges that Ohio Medicaid paid monies to Plaintiff or on Plaintiffs' behalf, presumably pursuant to Medicaid benefits. Ohio Medicaid is a named party solely due to its potential subrogation interest. Plaintiff has not asserted any claims against Ohio Medicaid. Ohio Medicaid is, in reality, and for purposes of removal, a party plaintiff or involuntary plaintiff under Fed. R. Civ. P. 19(A). As such, Ohio Medicaid should be realigned as an intervening plaintiff and not a defendant.

      10.    For the foregoing reasons, complete diversity of citizenship exists for purposes of removal.

## CONSENT TO REMOVAL

11.     Defendant Boyd consents to removal.

12.     Defendant Logistic One consents to removal.

13.     Safe Auto's consent to removal is not required because: (1) State Auto should be realigned as a party plaintiff with respect to its potential subrogation interest, and (2) State Auto was "fraudulently joined" with respect to Plaintiff's claim for uninsured and/or underinsured motorist's coverage.

    a.      With respect to Count Five of the First Amended Complaint, State Auto is realigned as a party plaintiff or involuntary plaintiff. Therefore, its consent to removal is not required. *Roman v. Barlow*, No. 2:12–cv–00747, 2012 WL 6594961, at *4 (S.D. Ohio Dec. 18, 2012); *Kucher v. Exceeding Expectation, Inc.,* No. 1:12–cv–169, 2012 WL 3308892, at *2 (N.D.N.Y. Aug.13, 2012); *Nationwide Mut. Ins. Co. v. 1400 Hampton Blvd, LLC,* Nos 2:10–cv–310, 2:10–cv–343, 2010 WL 5476748, at *3 (E.D.Va. Dec.2, 2010).

    b.      With respect to Count Six of the First Amended Complaint, State Auto was "fraudulently joined." Consent is not required for a party who has been "fraudulently joined." 28 U.S.C. § 1446(b)(2); *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015), citing *Walker v. Philip Morris USA, Inc.*, 443 Fed.Appx. 946, 951 (6th Cir. 2011). *See also*, *Rico v. Flores*, 481 F.3d 234 (5th Cir. 2007) (removing party did not need to obtain consent-to-removal of non-diverse co-defendants alleged to have been improperly joined); *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756 (9th Cir. 2002) (rule of unanimity does not apply to fraudulently joined parties); *Jonathan Pepper Co., Inc. v. Hartford Cas. Ins. Co.*, 381 F. Supp. 2d 730 (N.D. Ill. 2005) (misjoined defendant-insurer's joinder in or consent to removal was not required); *Smith v. Union Nat'l. Life Ins. Co.*, 286 F. Supp. 2d 782 (S.D. Miss. 2003) (rejecting as without merit the

contention that the removal notice was defective for failure of fraudulently joined defendant to join it).

14.    Consent to removal is not required from Ohio Medicaid as its interests align with that of Plaintiff.

## **AMOUNT-IN-CONTROVERSY IS SATISFIED**

15.    Plaintiff alleges that Boyd negligently operated a commercial motor vehicle, causing an accident with the vehicle driven by Plaintiff. (Amnd. Compl., ¶ 10)

16.    Plaintiff alleges that Defendant E & D and/or Defendant Logistic One negligently entrusted a commercial motor vehicle to Boyd. (Amnd. Compl., ¶ 22).

17.    Plaintiff alleges that Defendant E & D and/or Defendant Logistic One negligently hired Boyd. (Amnd. Compl., ¶ 30).

18.    Plaintiff alleges that as a result of the accident, she "has sustained severe and permanent injuries and has incurred medical expenses . . . and shall continue to incur medical expenses in the future." (Amnd. Compl. ¶¶ 11, 23, 32).

19.    Plaintiff alleges that as a result of the accident, she has "sustained past pain and suffering and will continue to do so in the future." (Amnd. Compl. ¶¶ 11, 23, 32).

20.    Plaintiff alleges that as a result of the accident, she "has incurred lost wages and … will continue to incur lost wages in the future." (Amnd. Compl. ¶¶ 12, 24, 33).

21.    Plaintiff alleges that as a result of the accident, she "has incurred loss of enjoyment of life and … continue to incur loss of enjoyment of life in the future." (Amnd. Compl. ¶ 13, 25, 34).

22.    Plaintiff alleges that as a result of the accident, she "has incurred expenses resulting from property damage." (Amnd. Compl. ¶ 13, 26, 35)

23.     If Plaintiff were to prevail on all of her claims and prove all of her alleged injuries and damages, it is more likely than not that the amount in controversy would exceed $75,000, exclusive of interest and costs.

24.     Plaintiff made a pre-suit demand for $150,000.

25.     Upon information and belief, Plaintiff had surgery following her demand and claims the surgery was needed to repair an injury from the accident.

26.     Undersigned counsel asked Plaintiff to stipulate that her damages do not exceed $75,000, exclusive of interest and costs. Plaintiff declined, with the understanding the case would be removed to this Court.

27.     Therefore, the amount in controversy exceeds $75,000, exclusive of interest and costs, and the amount in controversy requirement for removal based on diversity jurisdiction is satisfied.

**THIS COURT HAS DIVERSITY JURISDICTION**

28.     Based on the above, this Court has original subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because the complaints present a case where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the controversy exists between citizens of different states.

29.     Venue is proper in this court pursuant to 28 U.S.C. § 1441(a) in that this district and division embrace the place where the State Court Action is pending.

29.     Defendant will promptly file a notice of filing of notice of removal with Clerk of Court for Hamilton County, Ohio, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant E & D Transport, Inc., by and through counsel, prays that this Court accept this notice of removal and that this Court assume jurisdiction over this action.

Respectfully submitted,


/s/ Tyler M. Jolley
Bradley A. Wright (0047090)
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Phone:  330.376.2700
Fax:  330.376.4577
bwright@ralaw.com

Tyler M. Jolley (0092772)
Robert W. Schrimpf (0085020)
Roetzel & Andress, LPA
625 Eden Park Drive, Suite 450
Cincinnati, OH 45202
Phone: 513.361.0200
Fax: 513.361.0335
tjolley@ralaw.com
rschrimpf@ralaw.com

*Attorneys for Defendant E & D Transport, Inc.*

## CERTIFICATE OF SERVICE

I electronically filed this Notice of Removal on February 19, 2021. Notice of this filing will be sent to counsel through the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that a copy of this Notice of Removal was sent to the following by e-mail on February 19, 2021:

Ronald C. Taylor, Jr.
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, OH 45206
rtaylor@maislinlaw.com
*Attorney for Plaintiff Charene Stephens*

Lynn K. Schoenling
Curry, Roby, & Mulvey Co., LLC
30 Northwoods Blvd, Ste 300
Columbus, OH 43235
lscgoenling@crmslaw.com
*Attorney for Defendant Safe Auto*
*Insurance Company*

Joseph M. McCandlish
Office of the Attorney General
150 E. Gay Street, 21st Floor
Columbus, OH 43215-3130
Joseph.mccandlish@ohioattorneygeneral.gov
*Attorney for State of Ohio,*
*Department of Medicaid*

/s/ Tyler M. Jolley
Tyler M. Jolley