## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **CHARENE STEPHENS** | : | Case No.: |
| 3290 Montana Avenue | : | |
| Cincinnati, Ohio 45211 | : | **Judge:** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **COMPLAINT** |
| Vs. | : | |
| | : | |
| | : | |
| **E & D TRANSPORT, INC.** | : | |
| **Statutory Agent: Adrian Lupu Leicha** | : | |
| 13950 Frazho | : | |
| Warren, Michigan 48089 | : | |
| | : | |
| and | : | |
| | : | |
| **FREDDIE LEE BOYD** | : | |
| 214 E. Wood Street | : | |
| Flint, Michigan 48201 | : | |
| | : | |
| and | : | |
| | : | |
| **LOGISTICS ONE** | : | |
| 13950 Frazho | : | |
| Warren, Michigan 48089 | : | |
| | : | |
| **Please Serve Statutory Agent:** | : | |
| **Roy A. Heuser** | : | |
| 7525 Elmbrooke Way | : | |
| Brighton, Michigan 48116 | : | |
| | : | |
| and | : | |
| | : | |
| **SAFE AUTO** | : | |
| Please Serve Statutory Agent: | : | |
| Mark D. LeMaster | : | |
| 4 Easton Oval | : | |
| Columbus, Ohio 43219 | : | |
| | : | |
| and | : | |

| | |
|---|---|
| **OHIO DEPARTMENT OF MEDICAID**<br>Attorney General of Ohio<br>ATTN: Joseph McCandlish<br>150 East Gay Street, 21st Floor<br>Columbus, Ohio 43215 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| **Defendants.** | : |

Now comes Plaintiff, by and through counsel, and as and for her Complaint against Defendants states as follows:

1. Plaintiff, Charene Stephens, resides at 3290 Montana Avenue, Cincinnati, Hamilton County, Ohio 45211, and has so resided at all relevant times herein.

2. Defendant, Freddie Lee Boyd, resides at 214 E. Wood Street, Flint, Michigan 48201, and has so resided at all relevant times herein.

3. Defendant E & D Transport, Inc., is incorporated in the State of Michigan and is located at 13950 Frazho, Warren, Michigan 48089, and has so been located at all relevant times herein.

4. Defendant Logistics One is incorporated in the State of Michigan and has a statutory agent located at 7525 Elmbrooke Way, Brighton, Michigan 48116, and has so been located at all times relevant herein.

5. All occurrences, which formed the basis of this Complaint, occurred within Hamilton County, Ohio.

## COUNT ONE

6. Plaintiff hereby incorporates by reference Paragraphs one through five as though fully rewritten herein.

7. On or about January 25, 2019, Plaintiff Charene Stephens was operating a 2018 Toyota Camry traveling northbound on IR 75 in Sharonville, Hamilton County, Ohio.

8. At or about the same time, date and place, Defendant Freddie Lee Boyd was operating his employer's 2008 Volvo Semi when he failed to maintain an assured clear distance ahead, causing a collision and serious injuries to Plaintiff Charene Stephens.

9. Defendant Freddie Lee Boyd owed Plaintiff Charene Stephens and the general public a duty to operate the vehicle in a reasonable prudent fashion and maintain control of the vehicle.

10. Defendant Freddie Lee Boyd was negligent by breaching the duties that he owed Plaintiff Charene Stephens in the following ways: a) Defendant failed to operate the vehicle in a reasonably prudent fashion; b) Defendant failed to pay attention to what was going on about him; c) Defendant failed to maintain control of the vehicle; d) Defendant failed to operate the vehicle with reasonable care; and e) Defendant operated the vehicle in a grossly negligent and reckless manner.

11. As direct and proximate result of Defendant Freddie Lee Boyd's negligence, Plaintiff Charene Stephens has sustained severe and permanent injuries and has incurred medical expenses in an amount yet to be determined, and shall continue to incur medical expenses in the future with reasonable medical certainty; the Plaintiff has further sustained past pain and suffering and will continue to do so in the future with reasonable medical certainty.

12. As a direct and proximate result of Defendant Freddie Lee Boyd's negligence, Plaintiff Charene Stephens has incurred lost wages and reasonably believes she will continue to incur lost wages in the future.

13. As a direct and proximate result of Defendant Freddie Lee Boyd's negligence, Plaintiff Charene Stephens has incurred loss of enjoyment of life and reasonably believes she will continue to incur loss of enjoyment of life in the future.

14. As a direct and proximate result of Defendant Freddie Lee Boyd's negligence, Plaintiff Charene Stephens has incurred expenses resulting from property damage in an amount yet to be determined.

15. Plaintiff Charene Stephens is entitled to judgment in an amount yet to be determined, but in excess of Twenty-Five Thousand Dollars ($25,000.00), as and for compensatory damages.

## COUNT TWO

16. Plaintiff hereby incorporates by reference Paragraphs one through fifteen as though fully rewritten herein.

17. On or about January 25, 2019, Defendant Freddie Lee Boyd was employed by E & D Transport, Inc. and/or Logistics One, and was acting within the course and scope of his employment.

18. Defendant E & D Transport, Inc. and/or Logistics One is/are vicariously liable for Defendant Freddie Lee Boyd's negligent conduct, which occurred during the course and scope of his employment on or about January 25, 2019.

19. As the direct and proximate result of Defendant Freddie Lee Boyd's negligence within the scope of his employment and pursuant to the doctrines of vicarious liability and *Respondeat Superior*, Defendant E & D Transport, Inc. and/or Logistics One is/are responsible for all injuries directly and proximately caused to Plaintiff Charene Stephens as a result of its/their employee's negligence, within the scope of his employment.

## COUNT THREE

20. Plaintiff hereby incorporates by reference Paragraphs one through nineteen as though fully rewritten herein.

21. Defendant E & D Transport, Inc. and/or Defendant Logistics One had a duty to Plaintiff Charene Stephens and the general public to not entrust the operation of their 2008 Volvo Semi to a driver whom they knew or should have known was incompetent.

22. Defendant E & D Transport, Inc. and/or Defendant Logistics One is/are breached said duty on January 25, 2019, by entrusting their 2008 Volvo Semi to Defendant Freddie Lee Boyd, whom they knew or should have known was an incompetent driver.

23. As direct and proximate result of Defendant E & D Transport, Inc. and/or Defendant Logistics One's negligence, Plaintiff Charene Stephens has sustained severe and permanent injuries and has incurred medical expenses in an amount yet to be determined, and shall continue to incur medical expenses in the future with reasonable medical certainty; the Plaintiff has further sustained past pain and suffering and will continue to do so in the future with reasonable medical certainty.

24. As a direct and proximate result of Defendant E & D Transport, Inc. and/or Defendant Logistics One's negligence, Plaintiff Charene Stephens has incurred lost wages and reasonably believes she will continue to incur lost wages.

25. As a direct and proximate result of Defendant E & D Transport, Inc. and/or Defendant Logistics One's negligence, Plaintiff Charene Stephens has incurred loss of enjoyment of life and reasonably believes she will continue to incur loss of enjoyment of life in the future.

26. As a direct and proximate result of Defendant E & D Transport, Inc. and/or Defendant Logistics One's negligence, Plaintiff Charene Stephens has incurred expenses resulting from property damage in an amount yet to be determined.

27. Plaintiff Charene Stephens is entitled to judgment in an amount yet to be determined, but in excess of Twenty-Five Thousand Dollars ($25,000.00), as and for compensatory damages.

## COUNT FOUR

28. Plaintiff hereby incorporates by reference Paragraphs one through twenty-seven as though fully rewritten herein.

29. Defendant E & D Transport, Inc. and/or Defendant Logistics One had a duty to Plaintiff Charene Stephens and the general public to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee, in general, and in particular, on the date of January 25, 2019.

30. Defendant E & D Transport, Inc. and/or Defendant Logistics One breached said duty on January 25, 2019, by hiring Defendant Freddie Lee Boyd, whom they knew or should have known would be likely to operate a motor vehicle in a negligent and reckless manner.

31. Defendant E & D Transport, Inc. and/or Defendant Logistics One knew or should have known, that Defendant Freddie Lee Boyd was not competent or fit for the duties required of him as an employee. Defendant E & D Transport, Inc. and/or Defendant Logistics One breached their duty to use reasonable care to select, train and/or retain an employee that was competent and fit for the position.

32. As direct and proximate result of Defendant E & D Transport, Inc. and/or Defendant Logistics One's negligence, Plaintiff Charene Stephens has sustained severe and

permanent injuries and has incurred medical expenses in an amount yet to be determined, and shall continue to incur medical expenses in the future with reasonable medical certainty; the Plaintiff has further sustained past pain and suffering and will continue to do so in the future with reasonable medical certainty.

33. As a direct and proximate result of Defendant E & D Transport, Inc. and/or Defendant Logistics One's negligence, Plaintiffs Charene Stephens has incurred lost wages and reasonably believes she will continue to incur lost wages.

34. As a direct and proximate result of Defendant E & D Transport, Inc. and/or Defendant Logistics One's negligence, Plaintiff Charene Stephens has incurred loss of enjoyment of life and reasonably believes she will continue to incur loss of enjoyment of life in the future.

35. As a direct and proximate result of Defendant E & D Transport, Inc. and/or Defendant Logistics One's negligence, Plaintiff Charene Stephens has incurred expenses resulting from property damage in an amount yet to be determined.

36. Plaintiff Charene Stephens is entitled to judgment in an amount yet to be determined, but in excess of Twenty-Five Thousand Dollars ($25,000.00), as and for compensatory damages.

## COUNT FIVE

37. Plaintiff hereby incorporates by reference Paragraphs one through thirty-six as though fully rewritten herein.

38. Plaintiff Charene Stephens had automobile insurance with Safe Auto Insurance, Claim Number **60003077272**, on the date of the above-described accident. A copy of this policy is not attached because the same is in Defendant Safe Auto Insurance's possession.

39. As a result of the above-described accident and pursuant to the insurance policy held with the Defendant Safe Auto Insurance should pay, did pay, or may have paid some of the Plaintiff's medical bills from the instant accident.

40. Pursuant to the terms of said policy, Defendant Safe Auto Insurance is or may be subrogated to a portion of Plaintiff's claims against Defendants Freddie Lee Boyd, E & D Transport, Inc. and Logistics One and should be required to assert its interests or otherwise be forever barred from doing so as to any party hereto.

41. Plaintiff demands that Defendant Safe Auto Insurance assert any interest said Defendant may have in the instant manner or otherwise be forever barred in doing so as to any party hereto.

## COUNT SIX

42. Plaintiff hereby incorporates by reference paragraphs one through forty-one as if fully rewritten herein.

43. At the time of the above-described accident, Plaintiff Charene Stephens was insured under Defendant Safe Auto Insurance's policy. This policy provided uninsured/underinsured motorist and medical payments coverage to Plaintiff. This policy is not attached because same is in Safe Auto Insurance's possession.

44. At the time of said accident, one or more of the Defendants was/were uninsured/underinsured motorists as defined in the Safe Auto Insurance's contract of insurance.

45. Plaintiff is legally entitled to damages for her personal injury claims in excess of Twenty-Five Thousand Dollars ($25,000.00) and is entitled to recover the damages under the Safe Auto Insurance policy described above.

## COUNT SEVEN

46. Plaintiff hereby incorporates by reference Paragraphs one through forty-five as though fully rewritten herein.

47. Plaintiff Charene Stephens had health insurance with Defendant Ohio Department of Medicaid on the date of the above-described accident.

48. As a result of the above-described accident, and pursuant to the health insurance held with Plaintiff, Defendant Ohio Department of Medicaid should pay, did pay, or may have paid some of the Plaintiff's medical bills from the instant accident.

49. Pursuant to the terms of said policy, Ohio Department of Medicaid is or may be subrogated to a portion of the Plaintiff's claims against Defendants Freddie Lee Boyd, E & D Transport, Inc., Logistics One and Safe Auto Insurance, and should be required to assert its interests or otherwise be forever barred from doing so as to any party hereto.

50. Plaintiff Charene Stephens demands that Defendant Ohio Department of Medicaid assert any interest said Defendant may have in the instant matter or otherwise be forever barred in doing so as to any party hereto.

WHEREFORE, Plaintiff Charene Stephens prays for judgment against Defendants Freddie Lee Boyd, E & D Transport, Inc., Logistics One and Safe Auto Insurance in an amount yet to be determined, but in excess of Twenty-Five Thousand Dollars ($25,000.00) as and for compensatory damages; Plaintiff prays that Defendant Safe Auto Insurance and Defendant Ohio Department of Medicaid assert any interest said Defendants may have in the instant matter or otherwise be forever barred from doing so as to any party hereto; and Plaintiff further prays for all relief to which she may be entitled at law and/or equity, including pre-judgment interest.

Respectfully Submitted,

***/s/ Ronald C. Taylor, Jr.***
Ronald C. Taylor, Jr. (0083298)
Attorney for Plaintiff(s)
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
Telephone: (513) 444-4444
Facsimile: (513) 721-5557
rtaylor@maislinlaw.com

**INSTRUCTIONS TO CLERK**

Please issue Summons and serve the Summons and Complaint upon the named Defendants, as indicated in the caption, via Certified U.S. Mail Service, Return Receipt Requested. Should service be returned as "UNCLAIMED, then please re-issue service to that Defendant, via regular U.S. Mail Service, postage prepaid.

***/s/ Ronald C. Taylor, Jr.***
Ronald C. Taylor, Jr. (0083298)